IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THEOPHILUS FIELD, | § | |
| | § | |
| *Plaintiff,* | § | SA-25-CV-00939-FB |
| | § | |
| vs. | § | |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE, JOHNNY LEE | § | |
| JIMERSON, III, | § | |
| | § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the above-styled cause of action, which was referred to the undersigned for all pretrial proceedings [#4]. The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that the District Court dismiss this action for failure to prosecute.

**I.  Background and Analysis**

Plaintiff filed this action on August 6, 2025. Under Rule 4(m) of the Federal Rules of Civil Procedure, if service of process is not made upon a defendant within 90 days after a complaint is filed, after giving notice to plaintiff, the court must dismiss the action without prejudice or direct that service be effected within a specified time. Fed. R. Civ. P. 4(m). Furthermore, a district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam); Fed. R. Civ. P. 41(b).

1

Based on a filing date of August 6, 2025, Plaintiff had until November 4, 2025, to serve his Complaint and Summons on Defendants.  When Plaintiff failed to serve Defendants by this date, the Court ordered Plaintiff to show cause why the case should not be dismissed for want of prosecution.  Plaintiff's response to the show cause order was due January 20, 2026.  To date, Plaintiff has neither effectuated service of process nor responded to the Court's show cause order.  Accordingly, the undersigned will recommend this action be dismissed for failure to prosecute and failure to follow a court order.

## II.  Conclusion and Recommendation

Having considered the record in this case, the undersigned recommends that this case be dismissed for failure to prosecute and failure to follow a court order.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Objections are limited to no more than 20 pages unless leave of court is granted.  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party

from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 29th day of January, 2026.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE