IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

THEOPHILUS FIELD,                            §
                                             §
       *Plaintiff*,                          §
                                             §
VS.                                          §    CIVIL ACTION NO. SA-25-CV-939-FB
                                             §
ALLSTATE FIRE AND CASUALTY INSURANCE         §
and JOHNNY LEE JIMERSON, III,                §
                                             §
       *Defendants*.                         §

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The Court has considered the Report and Recommendation of United States Magistrate

Judge filed in the above-captioned cause on January 29, 2026 (ECF No. 6), concerning Plaintiff

Theophilus Field's failure to prosecute his case and failure to follow an order of the court.

According to the CM/ECF system, the Report and Recommendation sent by certified mail, return

receipt requested, was received by the Plaintiff on February 4, 2026 (ECF No. 9).  To date, the

docket reflects no objections to the Report and Recommendation have been received.[1]

In the Report, United States Magistrate Judge Elizabeth S. Chestney recommends that this

case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute

and failure to follow a court order.

Because no party has objected to the Magistrate Judge's Report and Recommendation, the

Court need not conduct a de novo review.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall

---

[1]  Any party who desires to object to a Magistrate's findings and recommendations must serve and file his, her or its written objections within fourteen days after being served with a copy of the findings and recommendation.  28 U.S.C. § 635(b)(1).  If service upon a party is made by mailing a copy to the party's last known address, "service is complete upon mailing ."  FED. R. CIV. P. 5(b)(2)(C).  If service is made by electronic means, "service is complete upon transmission." *Id*. at (E).  When the mode of service is by electronic means, three days are no longer added to the time period to act after being served.  *See Heverling v. McNeil Consumer Pharmaceuticals, Co.*, Civil Action No. 1:17-CV-1433, 2018 WL 1293304 at *2 n.3 (M.D. Pa. Mar. 13, 2018) ("On April 28, 2016, the Supreme Court adopted changes to the Federal Rules of Civil Procedure.  In pertinent part, the Court amended Rule 6(d) to remove 'electronic means' as a mode of service triggering an additional three days to act when a responsive period commences upon service.  *See* FED. R. CIV. P. 6, advisory committee's note to 2016 amendment.  The amendments took effect on December 1, 2016.").

make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). The Court has reviewed the Report and finds its reasoning to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). The Recommendation shall therefore be accepted pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's case shall be DISMISSED for failure to prosecute and failure to follow a court order.

Accordingly, it is hereby ORDERED that the Report and Recommendation of United States Magistrate Judge filed in this cause on January 29, 2026 (ECF No. 6), is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's case is DISMISSED for failure to prosecute and failure to follow a court order pursuant to Federal Rule of Civil Procedure 41(b). Motions pending, if any, are DISMISSED AS MOOT, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 28th day of May, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE